**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SYBIL SANCHEZ, on behalf of herself and other persons similarly situated | § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § § | |
| MADDIES MAYHEM LLC D/B/A HAT TRICKS | § § § | |
| *Defendant*. | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Sybil Sanchez file this Collective and Class Action Complaint against Defendant Maddies Mayhem LLC d/b/a Hat Tricks.

**I.      SUMMARY OF ARGUMENTS**

1.      This is an action by Sybil Sanchez ("Plaintiff") on behalf of herself and a class of similarly situated individuals (the "Plaintiff Class") to recover unpaid wages.

2.      Plaintiff and the Plaintiff Class were employed as bar tenders and waiters ("Service Staff") by Defendant Maddies Mayhem LLC d/b/a Hat Tricks. While working for the Defendant, Plaintiff and the Plaintiff Class were not paid overtime premium pay for overtime hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Plaintiff and Plaintiff class were also not paid minimum wages, in violation of 29 U.S.C. § 206.

3.      Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorney's fees and costs on behalf of herself and other similarly situated employees who worked for Defendant during the past three years under the authority of 29 U.S.C. § 216(b).

## II.   THE PARTIES

4. Sybil Phillips ("Plaintiff"), 506 Valley View Dr., Lewisville, TX 75067.

5. Maddie's Mayhem LLC d/b/a Hat Tricks ("Defendant"), 9295 Aristocrat Ln., Frisco, TX 75033.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §1331, as this case involves questions of federal law.

7. Venue is proper in, and Defendant is subject to the personal jurisdiction of this Court because Defendant maintains facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## IV.   FACTUAL ALLEGATIONS

8. Defendant Maddies Mayhem, LLC d/b/a Hat Tricks is a sports bar offering live music.

9. Plaintiff worked for Defendant as a waitress from approximately January 2018 to February 2019.

10. During Plaintiff's employment, she regularly did not receive minimum wage for hours worked.

11. Defendant failed to pay other employees minimum wage for hours worked.

12. During Plaintiff's employment, she regularly worked more than forty (40) hours a week.

13. For overtime hours worked, Plaintiff did not receive overtime pay.

14. Defendant failed to pay other employees overtime pay for overtime hours worked.

## V.   THE FLSA CLASS

15. All Service Staff employed by Defendant ("Class Plaintiffs") suffered the same FLSA violations as did the Plaintiff.

16. All Class Plaintiffs were regularly not paid minimum wage.

17. All Class Plaintiffs were not paid overtime wages for overtime hours worked.

18. All Class Plaintiffs were subject to the same common policy of the Defendant to not pay Service Staff minimum wage or overtime.

19. When Plaintiff Class members worked for the Defendant, they were not exempt from the FLSA.

## VI.   FAIR LABOR STANDARDS ACT AND COLLECTIVE ACTION CLAIMS

20. Plaintiff incorporates by reference each and every of the preceding allegations as though fully set forth herein.

21. Plaintiff and Class Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and 216.

22. Defendant did not pay Service Staff minimum wage for hours worked.

23. Defendant did not pay Service Staff overtime pay for overtime hours worked.

24. Plaintiff brings claims on behalf of herself and an "FLSA Class," consisting of all current and former Service Staff of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who:

   a. worked for any amount of time for less than the minimum wage; and/or

   b. worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked

in excess of forty in a workweek.

25. Defendant willfully violated the minimum wage provisions of the FLSA, because Defendant knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendant was and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

26. Defendant willfully violated the overtime provisions of the FLSA, because Defendant knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendant was and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

27. Because of Defendant's FLSA violations, Plaintiff and Class Plaintiffs are entitled to recover their unpaid minimum wages, unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b). Plaintiff and Class Plaintiffs are also entitled to injunctive relief. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

## VII.   PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Sybil Sanchez respectfully prays the court to enter a judgment in her favor against Defendant and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages and minimum wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Entering judgment in the amount of all unpaid overtime wages and minimum wages due and owing to any Plaintiff who opts-in to this case, as well as all that Plaintiff's applicable liquidated damages;

d. Declaring that Defendant's conduct violated the FLSA

e. Enjoining Defendant from violating the FLSA's overtime and minimum wage provisions;

f. Enter an order appointing Tailim Song class counsel for the FLSA Class;

g. Award reasonable attorney's fees and costs of this action;

h. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

i. Awarding such other general and equitable relied as this Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted,

TAILIM SONG LAW FIRM

*/s/ Tailim Song*

_____

Tailim Song
State Bar No. 00792845
tsong@tailimsong.com
8111 LBJ Freeway, Suite 480
Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

**ATTORNEY FOR PLAINTIFF**