IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SYBIL SANCHEZ, on behalf of herself and other persons similarly situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-00574 |
| MADDIES MAYHEM LLC d/b/a HAT TRICKS, | § § § | |
| *Defendant*. | § § | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Sybil Sanchez ("Plaintiff"), moves for the entry of a Default Judgment for Plaintiff and against Defendant Maddies Mayhem LLC d/b/a Hat Tricks ("Defendant"), and in support thereof states as follows:

## I.
## MEMORANDUM OF LAW

1.      On July 31, 2019, Plaintiff Sybil Sanchez filed in the United States District Court, Eastern District of Texas, Sherman Division, a Complaint (Dkt.# 1) alleging certain employment practices by Defendant in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 206, 207, and 216 ("FLSA").

2.      On October 5, 2019, a copy of said Complaint and a Summons (Dkt.# 2) in a Civil Action were served upon Defendant Maddies Mayhem LLC d/b/a Hat Tricks. The Return of Service (Dkt.# 3) was filed with the Court on October 16, 2019.

3.      On November 18, 2019, after more than twenty (20) days had elapsed since the service of Said Complaint and Summons upon Defendant, and no Answer thereto having been

filed by Defendant, Plaintiff filed her Request for Entry of Default (Dkt.# 4).

4.     On November 19, 2019, the Clerk's Entry of Default (Dkt.# 5) was filed.

5.     Defendant has failed to plead or otherwise defend this action, and Plaintiff now requests a Default Final Judgment in her favor and against Defendant.

6.     Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to conduct a hearing to determine the amount of damages and to enter a default judgment against the Defendant for relief sought by Plaintiff in her Complaint.

## II.
## DAMAGES

7.     Attached as Exhibit A is Sybil Sanchez's Declaration evidencing the amount of wages she is owed. Plaintiff's Declaration is the best evidence of her hours worked as Defendant has failed to participate in this case. Plaintiff's unpaid overtime and minimum wages total $20,950.00.

8.     Additionally, Plaintiff is owed liquidated damages. An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Nero v. Industrial Molding* Corp., 167 F.3d 921, 921 (5th Cir.1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith."). In this case, Defendant, by virtue of having failed to respond to Plaintiff's Complaint, failed to meet its burden to oppose the imposition of liquidated damages. Furthermore, by failing to respond to Plaintiff's complaint, Defendant has admitted all facts pleaded in Plaintiff's complaint, including that the overtime and minimum wage violations were willful. *Nishimatsu Const.Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant, by his

default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

9.     Based upon the forgoing, Plaintiff is owed liquidated damages in addition to the overtime and minimum wages owed. Specifically, Plaintiff is owed $20,950.00 in liquidated damages for a total principal amount of $41,900.00.

### III.
### ATTORNEY'S FEES AND COSTS

10.     An additional element of Plaintiff's claims is the recovery of attorneys' fees and costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA. Plaintiff, as the prevailing party, is entitled to recover his reasonable attorney's fees and costs under the FLSA. See 29 U.S.C. §2 16.

11.     Under the FLSA, the award of attorney's fees is mandatory. 29 U.S.C. §216(b). Courts have long recognized that to achieve the remedial goal of the FLSA, attorney's fees must be awarded. Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962 *3 (M.D.Ga.2005).

12.     In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434, *accord Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 799 (5th Cir.2006). To determine the amount of attorneys' fees to be awarded, the Fifth Circuit utilizes a two-step process to derive

the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir.1995). Under this method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *Id.* at 324. Then, the Court must determine a lodestar by multiplying the reasonable hours by the reasonable hourly rates. *Id.* (*citing Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co., Inc*., 448 F.3d 795, 800 (5th Cir.2006). However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717- 19 (5th Cir.1974). *Id.* The twelve factors enumerated in *Johnson* are as follows:

(1) The time and labor required to represent the client or clients;

(2) The novelty and difficulty of the issues in the case;

(3) The skill required to perform the legal services properly;

(4) The preclusion of other employment by the attorney;

(5) The *customary fee charged for those services in the relevant community*;

(6) Whether the fee is fixed or contingent;

(7) The time limitations imposed by the client or circumstances;

(8) The *amount involved and the results obtained*;

(9) The *experience, reputation, and ability of the attorney*;

(10) The undesirability of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

13.    The most critical factor in determining an attorneys' fee award is the degree of

success obtained. *Saizan*, 448 F.3d at 799. A low damage award, however, should not alone lead to a reduction of the lodestar amount. *Young v. Sea Horse Venture IV, LLC*, 2009 WL 614823 *1 (N.D.Tex.2009). Fee applicants bear the burden of establishing the appropriate hours and hourly rates and proving they exercised billing judgment. *Id.*; *see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir.2002); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir.1996). Billing judgment requires documentation of the hours charged and of hours not charged because they were unproductive, excessive, or redundant. *Saizan*, 448 F.3d at 799. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Id.*; *Walker*, 313 F.3d at 251.

14.    A fee applicant can only meet his burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir.1990). Thus, courts generally require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Id.* If the documentation is vague or incomplete, a court may reduce the hours. *Kellstrom*, 50 F.3d at 324.

## A.    HOURS CLAIMED

15.    A court's first step in determining reasonable attorneys' fees is to determine whether the hours claimed were reasonably expended on the litigation. *Id.* Courts should examine both whether the total number of hours claimed is reasonable and whether specific hours claimed were reasonably expended. *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir.1997). If the hours are not reasonably expended, they should be excluded from the initial fee calculation. *Kellstrom*, 50 F.3d at 324.

16.     The Affidavit of Tailim Song (Exhibit B) contains a certification that he has fully reviewed the time records and that the supporting data for the Declaration and that the hours claimed are well grounded and in fact justified. Sworn testimony by counsel that the hours were spent litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. *See Perkins v. Mobile Housing Authority*, 847 F.2d 738 (11th Cir.1988).

17.     The Tenth Circuit has set forth five general standards for a court to review when assessing the reasonableness of the number of attorney hours:

(1) Whether time entries exceeding 6 to 7 hours for a single attorney on any given day reflect work that was reasonably justified;

(2) Whether time spent in each specific task was excessive;

(3) Whether work sought to be charged to the adverse party would normally be billed to a paying client;

(4) Whether any services were duplicated; and

(5) Whether time spent on the case at hand was for necessary or related matters or was nonproductive time.

*Ramos v. Lamm*, 713 F.2d 546, 552-54 (10th Cir.1983).

18.     In addition, in reviewing each of the factors above, the result weighs in favor of the hours claimed by Plaintiff's counsel. Plaintiff's counsel has no time entries in excess of seven (7) hours. There are no examples of excessive time being spent on specific tasks. All tasks in the attorney fee declaration are for work which would be normally billed to a paying client. There are no duplicated services. None of the time billed was nonproductive. The time records for Tailim Song, Esq., show that the Tailim Song Law Firm expended 6.8 hours of attorney time by Tailim

Song at a rate of $395.00 per hour, 0.2 hours of attorney time by Jordan Whiddon at a rate of $295.00 per hour, and 29.4 hours of attorney time by Chris Valentine at a rate of $150.00 per hour.

19.    The Tailim Song Law Firm also expended 8.4 hours of paralegal and law clerk time at a rate of $90.00 an hour for a total fee of $7,911.00.

### B.    HOURLY RATE

Once the court determines whether the hours are reasonable, it must determine the market rate. The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Uphoff v. Elegant Bath, Ltd*., 176 F3d 399 (7" Cir. 1999). The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. *Id*. By his declaration, Attorney Tailim Song has demonstrated that he has been awarded $395.00 per hour in other lawsuits in the Eastern District of Texas. Attorney Jordan Whiddon has been licensed since 2014 and has practiced law in Dallas, Texas. Attorney Chris Valentine has been licensed since 2017 and has practiced law in Dallas, Texas. Defendant has failed to present any evidence that the stated rates for each attorney are not a reasonable rate for an attorney in the Eastern District of Texas with the experience and qualifications of Plaintiff's counsel. Plaintiff has met her burden of showing that the stated rates for each attorney are reasonable hourly rates in this matter.

Finally, as stated in the Declaration of Tailim Song, Plaintiff has incurred costs of $400.00 for the filing fee and $150.00 in service of process fees. Plaintiff is entitled to reimbursement of her costs permitted under 28 U.S.C. §1920. See 29 U.S.C. §216.

### C.    Lodestar Enhancement

After calculating the base lodestar amount, the Court may enhance the amount upwards

based on the *Johnson* factors. *Johnson*., 488 F.2d at 717- 19. Following these factors, an enhancement in the amount of $7,911.00 is appropriate.

In particular, the fee agreement in this case was based on a contingency fee. As such, the hourly rate will often not represent reasonable compensation based on the reality that the client will be required to pay her attorneys an amount greater than (or less than) the lodestar base amount.

Further, in this case Plaintiffs attorneys have obtained a favorable result for the client, also supporting an enhancement.

An enhancement is also supported by the customary fee arrangement for these types of cases. A customary contingency fee is typically as much as forty percent of any recovery in the lawsuit.

The experience and reputation of Plaintiffs' attorneys would also weigh in favor of enhancement. Tailim Song, Esq. is a respected attorney in the area with over two decades of experience in these types of cases.

Thus, an enhancement in the amount of $7,911.00 should be added to the base lodestar amount.

## **PRAYER**

WHEREFORE, Plaintiff requests the entry of a Final Judgment in her favor and against Defendant in the principal amount of $41,900.00 plus $15,822.00 in attorneys' fees and $550.00 in costs for a total of $58,272.00.

Respectfully submitted,

**TAILIM SONG LAW FIRM**

*/s/ Tailim Song*

_____

Tailim Song
State Bar No. 00792845
tsong@tailimsong.com
8111 LBJ Freeway, Suite 480
Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of March, 2020, a true and correct copy of the foregoing was served via electronic service via the Court's electronic filing system on counsel of record.

*/s/ **Tailim Song***

_____
Tailim Song